IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KALOS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:20-cv-00812 |
| v. ) | JUDGE RICHARDSON |
| ) | |
| WHITE HOUSE VILLAGE, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Pending before the Court, in this action removed from Sumner County Chancery Court, is Defendants' Motion to Dismiss (Doc. No. 5, "Motion"). Defendants also filed a memorandum in support of the Motion (Doc. No. 6, "Memorandum"). Via the Motion, Defendants ask the Court to dismiss Counts I, II and IV (but not Count III)[1] for failure to state a claim upon which relief can be granted.

Plaintiff has not responded. The Court granted Plaintiff extensions of time to respond on four occasions. (Doc. Nos. 9, 12, 14, 16).[2] Plaintiff has missed the last extended deadline of the Court, which granted him an extension to respond until November 11, 2020. (Doc. No. 15).

---

[1] Defendants expressly have declined to move to dismiss Count III, which asserts a claim for liability under bond. (Doc. No. 5 at 6).

[2] In its last Motion to Enlarge Time, Plaintiff indicated that counsel for the parties had conferred about the pending motion. (Doc. No. 15 at 1). Plaintiff indicated that a bond had been posted for the amounts at issue, which would resolve the priority of parties with regards to Plaintiff's lien. (*Id.*). Plaintiff indicated that an Agreed Order would be filed to dismiss the unnecessary parties. (*Id.*). Despite this contention in its final Motion to Enlarge Time, an Agreed Order was never filed, and an Agreed Order also would not have addressed all of the issues in Defendants' Motion. The Court is also puzzled by Plaintiff's implication in its Motion to Enlarge Time that the existence of the bond was somehow new information, as Plaintiff brought a count in its Complaint based on the existence of what is presumably the same bond.

The Sixth Circuit is clear that even when a motion to dismiss is unopposed, a district court is not relieved of its duty to ensure that a defendant has met its burden for a 12(b)(6) motion. *Gesenhues v. Radial, Inc.*, No. 19-5932, 2020 WL 1815738, at *2 (6th Cir. Mar. 23, 2020); *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). The Court therefore will discuss the merits of Defendants' Motion without the benefit of a response by Plaintiff, but it will not grant the motion based merely on the fact that Plaintiff did not respond.

For the reasons discussed, the Court will grant the Motion.

## BACKGROUND

Pursuant to a contract, Plaintiff furnished labor and shipped building materials to a construction site. (Doc. No. 1-2 at ¶ 10). Despite Plaintiff's performance under the contract, Defendants have not paid $101,506.90 of the contract price. (*Id.*). On May 6, 2019, Plaintiff filed a Mechanic's and Materialmen's Lien with the Sumner County Register of Deeds. (*Id.* at ¶ 13).[3]

In its Complaint, Plaintiff brings four claims: Count 1 for enforcement of a lien; Count 2 for unjust enrichment; Count 3 for liability under bond; and Count 4 for lien priority.

Defendants removed this action to federal court and then filed the present Motion. (Doc. Nos. 1, 5). Plaintiff filed four motions for extensions of time for filing its response, but ultimately did not file a response.

## LEGAL STANDARD

For purposes of a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must take all the factual allegations in the complaint as true, as it has done above. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a

---

[3] The facts set forth in this paragraph are taken from Plaintiff's Complaint and are accepted as true for purposes of the Motion.

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id.*; *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010), cited in *Abriq v. Hall*, 295 F. Supp. 3d 874, 877 (M.D. Tenn. 2018). Moreover, factual allegations that are merely consistent with the defendant's liability do not satisfy the claimant's burden, as mere consistency does not establish plausibility of entitlement to relief even if it supports the possibility of relief. *Iqbal*, 556 U.S. at 678.

In determining whether a complaint is sufficient under the standards of *Iqbal* and its predecessor and complementary case, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), it may be appropriate to "begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. This can be crucial, as no such allegations count toward the plaintiff's goal of reaching plausibility of relief. To reiterate, such allegations include "bare assertions," formulaic recitation of the elements, and "conclusory" or "bald" allegations. *Id.* at 681. The question is whether the remaining allegations—factual allegations, *i.e.*, allegations of factual matter—plausibly suggest an entitlement to relief. *Id.* If not, the pleading fails to meet the standard of Fed. R. Civ. P. 8 and thus must be dismissed pursuant to Rule 12(b)(6). *Id.* at 683.

As a general rule, matters outside the pleadings may not be considered in ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) unless the motion is converted to one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). When a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment. *Doe v. Ohio State Univ.*, 219 F. Supp. 3d 645, 652-53 (S.D. Ohio 2016); *Blanch v. Trans Union, LLC*, 333 F. Supp. 3d 789, 791-92 (M.D. Tenn. 2018).

## DISCUSSION

In the Motion Defendants make two primary arguments, each with two subpoints: 1) Plaintiff's claims for enforcement or priority of a lien (Counts I and IV) should be dismissed because Plaintiff failed to comply with relevant statutes, and a bond has been filed that discharged the lien; and 2) Plaintiff cannot state a claim for unjust enrichment (Count II), because there is a valid and enforceable contract between the parties and Plaintiff did not exhaust its remedies. (Doc. No. 6 at 5). As noted, Plaintiff has not provided a response to Defendant's arguments.

### A. Claims regarding the lien (Counts I and IV)

Defendants argue that 1) Plaintiff did not serve a Notice of Nonpayment before recording the lien, 2) Plaintiff contained no indication in the Complaint that the owner of the property was served, and 3) Plaintiff untimely filed its Complaint. (*Id.*). Defendants additionally argue that Defendant's recording of a bond served to discharge the lien. (*Id.*).

Tenn. Code Ann. § 66-11-115(a) states that a remote contractor[4] shall have a lien, provided that the remote contractor first:

---

[4] A remote contractor is defined as: "a person . . . who provides work or labor or who furnishes material, services, equipment or machinery in furtherance of any improvement under a contract with a person other than an owner." Tenn. Code Ann. § 66-11-101(14). As discussed below,

> (1) Satisfies all of the requirements set forth in § 66-11-145, if applicable; and
>
> (2) Within the time provided for recording sworn statements set out in § 66-11-112(a), serves a notice of lien, in writing, on the owner of the property on which the improvement is being made.

The statute additionally provides that "[t]he lien shall continue for the period of ninety (90) days from the date of service of notice in favor of the remote contractor, and until the final termination of any suit for its enforcement properly brought pursuant to § 66-11-126 within that period." *Id.* at (b).

Pursuant to § 66-11-145(a), the requirements of which are made applicable by § 66-11-115(a), a remote contractor:

> shall serve, within ninety (90) days of the last day of each month within which work or labor was provided or materials, services, equipment, or machinery furnished and for which the remote contractor intends to claim a lien under this chapter, a notice of nonpayment for the work, labor, materials, services, machinery, or equipment to the owner and prime contractor in contractual privity with the remote contractor if its account is, in fact, unpaid . . . A remote contractor who fails to provide the notice of nonpayment in compliance with this section shall have no right to claim a lien under this chapter, except this section shall not apply to a certain amount or percentage of the contract amount retained to guarantee performance of the remote contractor.

Tenn. Code Ann. § 66-11-145(a), (b). The statute additionally contains a list and form notice providing additional specifications that the notice of nonpayment must meet. *Id.* at (a), (d).

In the Complaint, Plaintiff states that it filed a lien on May 6, 2019. (Doc. No. 1-2 at ¶ 17). Plaintiff further states that it provided Notice of Nonpayment to Defendants on May 14, 2019, *after* it filed the lien. (*Id.* at ¶ 18). Plaintiff additionally does not specify that the Notice of Nonpayment was served on the proper party set out in § 66-1-145. Finally, Plaintiff states in the

---

Plaintiff's contracts appear to have been with parties other than the owner. Plaintiff also mentions its compliance with these statutes in the Complaint, indicating its concurrence that they apply to the case at hand. (Doc. No. 1-2 at ¶¶ 18, 19).

Complaint that it filed a lien on May 6, 2019, but the lawsuit to enforce the lien was filed on September 24, 2019, *after* expiration of the 90-day period allowed by statute. Tenn. Code Ann. § 66-11-115(b). Because of these various aspects of noncompliance with statutory requirements, Plaintiff's claims regarding enforcement of the lien are subject to dismissal for failure to state a claim upon which relief can be granted.

Additionally, under Tennessee law, a bond serves to discharge a lien: "[t]he recording by the register of a bond to indemnify against a lien shall operate as a discharge of the lien." Tenn. Code Ann. § 66-11-142(a). Plaintiff states in its Complaint that Defendant Arch Insurance Company issued a Bond to Release Mechanic's Lien with Defendant White House Village, LLC as the principal and Plaintiff as the claimant.[5] (Doc. No. 1-2 at ¶ 6). Plaintiff additionally asserts a claim against the bond as Count II of its Complaint, stating "[p]ursuant to the terms of the Bond, Bonding Company [Defendant Arch Insurance Company] is liable for all damages incurred by Plaintiff as a result of the breaches, failure to perform and other wrongful conduct of Defendants in connection with the Project." (*Id.* at ¶ 24). This bond serves to discharge the lien, so Plaintiff's claims regarding the lien fail to state a claim upon which relief can be granted.

The Court will grant the Motion as it pertains to the Counts in the Complaint regarding the lien on the property (Count I and Count IV of the Complaint).

---

[5] Though Plaintiff relies on this bond in its Complaint, Plaintiff did not include a copy of the bond. Defendants provided a copy attached to the Motion. (Doc. No. 6-1). "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *see also Herpst v. Parkridge Med. Ctr., Inc.*, No. E201700419COAR3CV, 2018 WL 4052208, at *3 (Tenn. Ct. App. Aug. 23, 2018); *Doe*, 219 F. Supp. 3d at 652-53; *Blanch*, 333 F. Supp. 3d at 791-92. The Court therefore finds that in deciding the Motion, it may consider the copy of the bond submitted by Defendants.

### B. Unjust Enrichment (Count II)

The Tennessee Supreme Court has explained unjust enrichment as follows:

> Unjust enrichment is a quasi-contractual theory or is a contract implied-in-law in which a court may impose a contractual obligation where one does not exist. *Paschall's Inc. v. Dozier*, 219 Tenn. 45, 407 S.W.2d 150, 154–55 (1966). Courts will impose a contractual obligation under an unjust enrichment theory when: (1) there is no contract between the parties or a contract has become unenforceable or invalid; and (2) the defendant will be unjustly enriched absent a quasi-contractual obligation. *Id.* 407 S.W.2d at 154–55.

*Whitehaven Cmty. Baptist Church v. Holloway*, 973 S.W.2d 592, 596 (Tenn. 1998); *see also Segneri v. Miller*, No. M2003-01014-COA-R3CV, 2004 WL 2357996, at *6 (Tenn. Ct. App. Oct. 19, 2004).

At various points in its Complaint, Plaintiff states that there was "a contract between Plaintiff and Defendants." (Doc. No. 1-2 ¶¶ 10, 11, 15, 22). Plaintiff states that pursuant to that contract, Plaintiff provided labor and materials in a timely manner and in conformance with contract specifications. (*Id.* at ¶¶ 10, 11, 15, 22). Because Plaintiff admits in its Complaint that it had a valid contract, Plaintiff cannot recover under an unjust enrichment theory from the party or parties with whom it had a contract. *Whitehaven Cmty. Baptist Church*, 973 S.W.2d at 596. But in order to alternatively plead these two claims, a plaintiff must plead, alternatively to the contract being valid, the contract was invalid or unenforceable; otherwise, the plaintiff has not adequately plead the two elements of unjust enrichment. *See e.g.*, *Saunders v. Y-12 Fed. Credit Union*, No. E202000046COAR3CV, 2020 WL 6499558, at *6 (Tenn. Ct. App. Nov. 5, 2020) (affirming dismissal of alternative unjust enrichment claim when valid contract existed between the parties); *Advanced Sec. Servs. Evaluation & Training, LLC v. OHR Partners Ltd.*, No. M201700249COAR3CV, 2018 WL 1391626, at *12 (Tenn. Ct. App. Mar. 20, 2018) (holding that plaintiff had not stated a claim for unjust enrichment when plaintiff alleged that it had a contract

with defendant, but did not allege in the alternative that that contract was unenforceable or invalid); *Laundries, Inc. v. Coinmach Corp.*, No. M2011-01336-COA-R3CV, 2012 WL 982968, at *7 (Tenn. Ct. App. Mar. 20, 2012) (holding unjust enrichment claim failed when the only argument for the contract being unenforceable was not available). Plaintiff here has not asserted in its Complaint that the contract was, alternatively to being valid as Plaintiff's Complaint indicates, unenforceable or invalid so as to sufficiently state a claim for unjust enrichment.[6]

Despite alleging that a contract existed, Plaintiff is unclear regarding who exactly Plaintiff had a contract with. Plaintiff states that the contract was with "Defendants," seeming to imply all Defendants, but then indicates that only Defendants Horizon Construction, LLC, and Kentucky Property Management, LLC, failed to pay under the contract, thus seeming implying that only those two Defendants were in privity of contract with Plaintiff. (*Id.* at ¶ 12). Plaintiff also mentions only these two Defendants in Count II when describing the alleged unjust enrichment. (*Id.* at ¶ 22). However, in another portion of the Complaint, Plaintiff mentions only Defendant Horizon Construction, LLC, stating that "Plaintiff contracted with Horizon Construction, LLC, to perform construction services." (*Id.* at ¶ 3). Despite this lack of clarity, it is apparent that the contract was between Plaintiff and at least one Defendant.

---

[6] The Court does not mean to suggest that a plaintiff could never bring in a single complaint both a breach of contract claim and a claim under a theory of unjust enrichment. Indeed, under certain circumstances, a plaintiff may bring the two claims alternatively. But that principle does not help Plaintiff here, because although Plaintiff has asserted the existence of a contract, it has not brought a claim for breach of contract. So the Court is not even confronted with whether this is an appropriate case for alternatively asserting a breach-of-contract claim and an unjust enrichment claim. What the Court is confronted with is whether Plaintiff may assert the existence of a contract (for some purpose other than bringing a breach-of-contract claim) and yet bring a claim for unjust enrichment. Under the circumstances of this case, Plaintiff may not do so, for the reasons discussed above.

Even if Plaintiff did not have a contract with *all* of the Defendants, such that Plaintiff conceivably could recover from those Defendant(s) with whom Plaintiff did not contract, any such recovery would be impermissible unless and until Plaintiff exhausted its remedies against the Defendant(s) with whom it did contract. *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005) ("The plaintiff must further demonstrate that he or she has exhausted all remedies against the person with whom the plaintiff enjoyed privity of contract."); *Paschall's, Inc. v. Dozier*, 219 Tenn. 45, 58, 407 S.W.2d 150, 155 (1966); *Forrest Const. Co., LLC v. Laughlin*, 337 S.W.3d 211, 227 (Tenn. Ct. App. 2009). Here, there is no indication that Plaintiff has exhausted such remedies as required.

For the reasons discussed, the Court will grant the Motion as it pertains to Plaintiff's unjust enrichment claim.

## CONCLUSION

For the reasons discussed, Defendant's Motion will be granted. Counts I (enforcement of the lien), II (unjust enrichment), and IV (lien priority) in the Complaint are dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Counts I and IV will be dismissed with prejudice. Count II will be dismissed without prejudice.[7] Count III, which brings a claim for liability under bond, remains. Because the dismissed Counts are the only Counts that pertain to Defendants Kentucky Property Management, LLC, Horizon Construction, LLC, New Millennium Real Estate, LLC, and Independence Bank of Kentucky, the Court dismisses these Defendants as parties to this action. Arch Insurance Company, the bonding company, and White House Village, LLC, the principal on the bond, remain as Defendants as to Count III.

---

[7] Typically, a dismissal for failure to state a claim is with prejudice. Here, Defendants have specifically requested that the dismissal of Count II be without prejudice, and so the Court will dismiss Count II without prejudice.

An appropriate order will be entered.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE