IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| KALOS, LLC, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 3:20-cv-00812 |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| WHITE HOUSE VILLAGE, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Pending before the Court are three Motions in this matter. Defendants have filed a Motion to Dismiss or for Judgment on the Pleadings (Doc. No. 25, "Defendants' Motion").[1] Plaintiff has responded. (Doc. No. 35). Defendants have replied. (Doc. No. 39). Plaintiff has also filed a Motion for Reconsideration (Doc. No. 32, "Motion for Reconsideration") of the previous Memorandum Opinion and Order (Doc. Nos. 19, 20) of this Court granting a previously filed Motion to Dismiss (Doc. No. 5, "First Motion to Dismiss"). The Court granted leave for Defendants to respond to the Motion for Reconsideration (Doc. No. 37), and Defendants have filed a Response (Doc. No. 41).

Plaintiff additionally filed a Motion to Amend the Complaint. (Doc. No. 33, "Motion to Amend"). Defendants filed a response. (Doc. No. 40). Plaintiff did not file a Reply.

For the reasons discussed herein, Defendants' Motion will be granted. The Motion for Reconsideration will be denied. The Motion to Amend will be denied.

---

[1] Herein, when the Court uses the one-word identifier "Defendants," it is referring to the two Defendants in this action—Twin Springs at White House, LLC, f/k/a White House Village, LLC and Arch Insurance Company—that have remained in this case after the other four named defendants were dismissed via the Order at Docket No. 20.

1

# BACKGROUND[2]

Pursuant to a contract, Plaintiff furnished labor and shipped building materials to a construction site. (Doc. No. 1-2 at ¶ 10). Despite Plaintiff's performance under the contract, Defendants have not paid $101,506.90 of the contract price. (*Id.*). On May 6, 2019, Plaintiff filed a Mechanic's and Materialmen's Lien with the Sumner County Register of Deeds. (*Id.* at ¶ 13).

In its Complaint, Plaintiff asserts four claims: Count I for enforcement of a lien; Count II for unjust enrichment; Count III for liability under bond; and Count IV for lien priority. Defendants removed this action to federal court. (Doc. No. 1). Defendants thereafter filed the First Motion to Dismiss. (Doc. No. 5). At Plaintiff's request, the Court granted Plaintiff extensions of time to respond to the First Motion to Dismiss on four occasions. (Doc. Nos. 9, 12, 14, 16). Despite these extensions, Plaintiff never responded to the First Motion to Dismiss, and the Court, after a full legal analysis, dismissed Counts I, II, and IV in a Memorandum Opinion and Order. (Doc. No. 19 at 9; Doc. No. 20). Counts I and IV were dismissed with prejudice, and Count II was dismissed without prejudice. (Doc. No. 19 at 9). As a result, Defendants Kentucky Property Management, LLC, Horizon Construction, LLC, New Millennium Real Estate, LLC, and Independence Bank of Kentucky were dismissed as parties to this action. (*Id.*). This decision left remaining only Defendants White House Village, LLC,[3] and Arch Insurance Company, and then only with respect to Count III, liability under bond.

---

[2] The Court takes these background facts from the Complaint and, as indicated below, accepts them as true for purposes of Defendants' Motion. (Doc. No. 1-2).

[3] The parties sometimes refer to Defendant White House Village as "Twin Springs," as this appears (as noted above) to be the current name of Defendant White House Village. (Doc. No. 26). The Court hereinafter will refer to this Defendant as "White House Village" or "Defendant White House Village," as "Twin Springs" does not appear in the case caption. However, the Court believes the terms correspond to the same entity.

## **LEGAL STANDARDS**

A. <u>12(b)(6) Motion to Dismiss</u>[4]

For purposes of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-

---

[4] Defendants' Motion is styled as a Motion to Dismiss or a Motion for Judgment on the Pleadings. The Federal Rules of Civil Procedure provide that after the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). "Rule 12(c) may be employed as a vehicle for raising several of the defenses enumerated in Rule 12(b), including the defense of failure to state a claim upon which relief may be granted." *Amersbach v. City of Cleveland*, 598 F.2d 1033, 1038 (6th Cir. 1979); *see also Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989) (citing *Amersbach*); *Becker v. Crounce Corp.*, 822 F. Supp. 386, 391 n. 4 (W.D. Ky. 1993) (citing *Amersbach*).

Defendants have filed an answer in this case. (Doc. No. 24). Therefore, Defendants' Motion at this juncture is properly cognizable as a motion for judgment on the pleadings, not a motion to dismiss. However, the Court notes that it would apply the same legal analysis regardless of the caption or styling of Defendants' Motion. When a 12(b) defense is raised via a motion for judgment on the pleadings, the district court evaluates the motion using the same standard applied to a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 n.1 (6th Cir. 1988); *Becker*, 822 F. Supp. at 391 n.4 (W.D. Ky. 1993) (citing *Amersbach*); *Kinney v. Mohr*, No. 2:13-cv-1229, 2017 WL 1395623, *4 (S.D. Ohio Apr. 19, 2017) (citing *Amersbach*); *Clemons v. Metro. Gov't of Nashville & Davidson Cty., Tenn.*, No. 3-14-1690, 2015 WL 4717398, at *1 (M.D. Tenn. Aug. 7, 2015). "Thus, the same rules which apply to judging the sufficiency of the pleadings apply to a Rule 12(c) motion as to a motion filed under Rule 12(b)(6)[.]" *Lacy v. Ohio Dept. of Job and Family Servs.*, No. 2:16-cv-912, 2017 WL 1397522, *1 (S.D. Ohio Apr. 19, 2017) (citing *Amersbach*). Indeed, when a Rule 12(c) motion is based on an asserted failure to state a claim upon which relief can be granted, "[t]he only difference between Rule 12(c) and Rule 12(b)(6) is the timing of the motion to dismiss." *Ruppe v. Knox Cty. Bd. Of Educ.*, 993 F. Supp. 2d 807, 809 (E.D. Tenn. 2014) (quoting *Hunter v. Ohio Veterans Home*, 272 F. Supp. 2d 692, 694 (N.D. Ohio 2003)). Therefore, the Court construes this as a motion for judgment on the pleadings and applies the same standards that it would when evaluating a motion to dismiss under 12(b)(6).

pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id.*; *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010), *cited in Abriq v. Hall*, 295 F. Supp. 3d 874, 877 (M.D. Tenn. 2018). Moreover, factual allegations that are merely *consistent* with the defendant's liability do not satisfy the claimant's burden, as mere consistency does not establish *plausibility* of entitlement to relief even if it supports the *possibility* of relief. *Iqbal*, 556 U.S. at 678.

In determining whether a complaint is sufficient under the standards of *Iqbal* and its predecessor and complementary case, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), it may be appropriate to "begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. This can be crucial, as no such allegations count toward the plaintiff's goal of reaching plausibility of relief. To reiterate, such allegations include "bare assertions," formulaic recitation of the elements, and "conclusory" or "bold" allegations. *Id.* at 681. The question is whether the remaining allegations – factual allegations, *i.e.*, allegations of factual matter – plausibly suggest an entitlement to relief. *Id*. If not, the pleading fails to meet the standard of Federal Rule of Civil Procedure 8 and thus must be dismissed pursuant to Rule 12(b)(6). *Id.* at 683.

As a general rule, matters outside the pleadings may not be considered in ruling on a motion to dismiss under Rule 12(b)(6) unless the motion is converted to one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). When a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary

4

judgment. *Doe v. Ohio State Univ.,* 219 F.Supp.3d 645, 652-53 (S.D. Ohio 2016); *Blanch v. Trans Union, LLC*, 333 F. Supp. 3d 789, 791-92 (M.D. Tenn. 2018).

On a Rule 12(b)(6) motion to dismiss, "[t]he moving party has the burden of proving that no claim exists." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield,* 552 F.3d 430, 433 (6th Cir.2008). That is not to say that the movant has some *evidentiary* burden; as should be clear from the discussion above, evidence (as opposed to *allegations* as construed in light of any allowable matters outside the pleadings) is not involved on a Rule 12(b)(6) motion. The movant's burden, rather, is a burden of *explanation*; since the movant is the one seeking dismissal, it is the one that bears the burden of explaining—with whatever degree of thoroughness is required under the circumstances—why dismissal is appropriate for failure to state a claim.

B. Motion for Reconsideration

District courts have authority under both common law and Fed. R. Civ. P. 54(b) "to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.* "[D]istrict courts have broad discretion in this area." *Id.* at 952. A district court in this circuit has explained its view on motions to reconsider as such:

> Although "motions to reconsider are not ill-founded step-children of the federal court's procedural arsenal," they are "extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged." *In re August, 1993 Regular Grand Jury*, 854 F.Supp. 1403, 1406 (S.D.Ind.1994). To be sure, "a court can always take a second look" at a prior decision; but "it need not and should not do so in the vast majority of instances," especially where such motions "merely restyle or re-hash the initial issues." *Id.* at 1407. It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or "to proffer a new legal theory or new evidence to support

5

a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue." *Id.* at 1408.

*Walker v. Conseco Servs., LLC*, 252 F. Supp. 2d 524, 527–28 (N.D. Ohio 2003) (citations omitted).

C. <u>Motion to Amend Complaint</u>

Fed. R. Civ. P. 15(a) governs amendment of pleadings, and "[t]he court should freely give leave when justice so requires." "However, a motion to amend may be denied where there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, *futility of amendment*, etc.'" *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Id.* (citation omitted).

## **DISCUSSION**

A. <u>Motion to Dismiss</u>

In their Motion, Defendants seek dismissal of Count III for liability under bond (the only count still pending). Defendants argue that the payment under the bond[5] is conditioned upon Defendants White House Village (the principal on the bond) and Arch Insurance Company (the bonding company or surety) paying any judgment obtained by Plaintiff on its lien claim (Count I of the Complaint). (Doc. No. 26 at 2). The Court has already dismissed Count I with prejudice in its ruling on the First Motion to Dismiss. (Doc. Nos. 19, 20). Defendants argue that the Court's

---

[5] The bond was not attached to the Complaint, but it was referenced and essential to the claims therein. The Court finds that it can appropriately consider the bond when ruling on this motion. *Doe*, 219 F.Supp.3d at 652-53; *Blanch*, 333 F. Supp. 3d at 791-92.

6

previous dismissal of Count I now makes it impossible for Plaintiff to recover as a matter of law. (*Id.*).

> The bond provides that:
>
> NOW, THEREFORE, the condition of this obligation is such that the above bound Principal and Surety will pay the Lienholder the sum that may be found to be due the Lienholder upon the trial of any action that may be filed by Lienholder to recover the amount of his Lien Claim within twelve months from the time the claim becomes due, but in no event shall the liability of the Principal or Surety under this Bond exceed the bond penalty of one hundred four thousand eighty eight dollars and 90/100 cents ($104,088.90).
>
> The liabilities of the parties hereunder shall be until the Lien Claim of the Lienholder shall have been fully discharged by final judgment of a court of competent jurisdiction or voluntarily released by Lienholder, its successors or assigns, or until the Lien Claim or claim against this Bond is barred by applicable statute of limitations.

(Doc. No. 25-1 at 1). In its Response to the Motion, Plaintiff does not seem to dispute Defendants' analysis, stating "[u]pon review, the Plaintiff does not object to the discharge of the lien sought by the pending Motion." (Doc. No. 35 at 1). Since the lien claim was previously dismissed, the Court believes Plaintiff here is actually referring to a lack of objection to the arguments made regarding the bond claim. In any event, Plaintiff provides no analysis or argument in opposition to Defendants' Motion.

The Court agrees with Defendants' interpretation of the language of the bond. Therefore, the Court finds that Plaintiff cannot recover on Count III, which brings a claim for liability under bond, as the Court has previously dismissed with prejudice Count I.

The Court will grant Defendants' Motion.

B. <u>Motion for Reconsideration</u>

Concurrently with its Response to Defendants' Motion, Plaintiff filed its Motion for Reconsideration, asking the Court to reconsider the Court's previous Order granting the First

7

Motion to Dismiss. (Doc. No. 32). In the Motion for Reconsideration, Plaintiff argues that 1) counsel for both parties had communicated about entering an order that would dismiss some Defendants by agreement,[6] and 2) Plaintiff's counsel's office experienced some difficulties with employees being quarantined due to COVID-19 and Plaintiff's counsel "believed that the matter had been addressed with the Court." (Doc. No. 32 at 1). Plaintiff's counsel indicates that it would have filed a proper response and the order of dismissal would not have been entered if these difficulties with COVID-19 had not arisen. (*Id.*).

Plaintiff's Motion for Reconsideration fails for several reasons. First and foremost, Plaintiff has provided the Court with no sufficient legal reason or argument for why the Court should reconsider its previous Memorandum Opinion and Order. Even though Plaintiff did not respond to the First Motion to Dismiss, the Court conducted a full legal analysis of the claims in its Memorandum Opinion because

> [t]he Sixth Circuit is clear that even when a motion to dismiss is unopposed, a district court is not relieved of its duty to ensure that a defendant has met its burden for a 12(b)(6) motion. *Gesenhues v. Radial, Inc.*, No. 19-5932, 2020 WL 1815738, at *2 (6th Cir. Mar. 23, 2020); *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). The Court therefore will discuss the merits of Defendants' Motion without the benefit of a response by Plaintiff, but it will not grant the motion based merely on the fact that Plaintiff did not respond.

(Doc. No. 19 at 2). Plaintiff has given the Court no reason to think that its previous Memorandum Opinion was somehow legally deficient or incorrect. At no point in its Motion for Reconsideration

---

[6] Plaintiff indicates that some documentation of this stipulation would be provided to the Court, but Plaintiff attached no exhibit to its Motion for Reconsideration. In its Response to the Motion for Reconsideration, Defendants note that Plaintiff's counsel never responded to their email with a copy of a potential agreed order. (Doc. No. 41 at 2). Defendants state that the proposed agreed order would have dismissed the same parties and counts as the Court dismissed in ruling on the First Motion to Dismiss. (*Id.* at 4-5).

does Plaintiff make the Court aware of any intervening change of controlling law, new evidence, or a need to correct a clear error or prevent manifest injustice. *Rodriguez*, 89 F. App'x at 959.

Additionally, the Court notes that Plaintiff puts forth two separate (and contradictory) excuses for not having responded to the Motion: 1) that counsel believed that a stipulation of some sort would be filed to resolve the First Motion to Dismiss, and 2) that counsel planned to respond in opposition to the First Motion to Dismiss. The Court addressed the potential stipulation (which was never filed) in its Memorandum Opinion, explaining both that a stipulation would not resolve all issues implicated by the First Motion to Dismiss and that the contemplated stipulation seemed to intend to agree to matters not in dispute:

> In its last Motion to Enlarge Time, Plaintiff indicated that counsel for the parties had conferred about the pending motion. (Doc. No. 15 at 1). Plaintiff indicated that a bond had been posted for the amounts at issue, which would resolve the priority of parties with regards to Plaintiff's lien. (*Id.*). Plaintiff indicated that an Agreed Order would be filed to dismiss the unnecessary parties. (*Id.*). Despite this contention in its final Motion to Enlarge Time, an Agreed Order was never filed, and an Agreed Order also would not have addressed all of the issues in Defendants' Motion. The Court is also puzzled by Plaintiff's implication in its Motion to Enlarge Time that the existence of the bond was somehow new information, as Plaintiff brought a count in its Complaint based on the existence of what is presumably the same bond.

(Doc. No. 19 at 1 n.2). It is unclear to the Court whether Plaintiff ultimately intended to file a stipulation or to file a response in opposition, but in any event the Court is unpersuaded that the filing of either would have changed the outcome of the Memorandum Opinion and Order.

For the reasons discussed, the Motion for Reconsideration will be denied.

C. <u>Motion to Amend Complaint</u>

Plaintiff filed its Motion to Amend contemporaneously with its Motion for Reconsideration. Therein, Plaintiff seeks to 1) amend the pleadings, and 2) add Defendant Horizon Construction to this action. (Doc. No. 33 at 1). Defendant Horizon Construction was previously

9

dismissed as a party to this action in the Court's ruling on the First Motion to Dismiss. (Doc. No. 20). In the Motion to Amend, Plaintiff seems to be rearguing the Court's dismissal of Plaintiff's unjust enrichment claim (Count II) against Defendant Horizon Construction. (Doc. No. 33). However, despite the fact that the arguments in the Motion to Amend pertain only to re-adding (as the party was previously a party to this action before being dismissed) Defendant Horizon Construction, Plaintiff has attempted to re-add more than this single Defendant in its proposed Amended Complaint, which lists as Defendants Horizon Construction, Kentucky Property Management, LLC, and White House Village.[7] (Doc. No. 34 at 1-2).

The Court previously thoroughly explained its reasoning for dismissing Count II for unjust enrichment in its Memorandum Opinion addressing the First Motion to Dismiss, despite not having the benefit of a response from Plaintiff:

> The Tennessee Supreme Court has explained unjust enrichment as follows:
>
>> Unjust enrichment is a quasi-contractual theory or is a contract implied-in law in which a court may impose a contractual obligation where one does not exist. *Paschall's Inc. v. Dozier*, 219 Tenn. 45, 407 S.W.2d 150, 154–55 (1966). Courts will impose a contractual obligation under an unjust enrichment theory when: (1) there is no contract between the parties or a contract has become unenforceable or invalid; and (2) the defendant will be unjustly enriched absent a quasi-contractual obligation. *Id.* 407 S.W.2d at 154–55.

---

[7] It is true that as of the filing of the Motion to Amend, one of these Defendants (White House Village) remains a Defendant to this action. However, the Court finds that Plaintiff is essentially trying to re-add Defendant White House Village, as Plaintiff did not contest the Motion to Dismiss pertaining to Defendant White House Village. In other words, Plaintiff appears to have intended to re-add Defendant White House Village after what, at the time of the filing of the Motion to Amend, was the impending unopposed dismissal of Defendant White House Village via the Motion to Dismiss.
   Notably, Plaintiff does not include in its proposed Amended Complaint the other remaining Defendant (beside Defendant White House Village), Arch Insurance Company.

10

*Whitehaven Cmty. Baptist Church v. Holloway*, 973 S.W.2d 592, 596 (Tenn. 1998); *see also Segneri v. Miller*, No. M2003-01014-COA-R3CV, 2004 WL 2357996, at *6 (Tenn. Ct. App. Oct. 19, 2004).

At various points in its Complaint, Plaintiff states that there was "a contract between Plaintiff and Defendants." (Doc. No. 1-2 ¶¶ 10, 11, 15, 22). Plaintiff states that pursuant to that contract, Plaintiff provided labor and materials in a timely manner and in conformance with contract specifications. (*Id.* at ¶¶ 10, 11, 15, 22). Because Plaintiff admits in its Complaint that it had a valid contract, Plaintiff cannot recover under an unjust enrichment theory from the party or parties with whom it had a contract. *Whitehaven Cmty. Baptist Church*, 973 S.W.2d at 596. But in order to alternatively plead these two claims, a plaintiff must plead, alternatively to the contract being valid, the contract was invalid or unenforceable; otherwise, the plaintiff has not adequately plead the two elements of unjust enrichment. *See e.g.*, *Saunders v. Y-12 Fed. Credit Union*, No. E202000046COAR3CV, 2020 WL 6499558, at *6 (Tenn. Ct. App. Nov. 5, 2020) (affirming dismissal of alternative unjust enrichment claim when valid contract existed between the parties); *Advanced Sec. Servs. Evaluation & Training, LLC v. OHR Partners Ltd.*, No. M201700249COAR3CV, 2018 WL 1391626, at *12 (Tenn. Ct. App. Mar. 20, 2018) (holding that plaintiff had not stated a claim for unjust enrichment when plaintiff alleged that it had a contract but did not allege in the alternative that that contract was unenforceable or invalid); *Laundries, Inc. v. Coinmach Corp.*, No. M2011-01336-COA-R3CV, 2012 WL 982968, at *7 (Tenn. Ct. App. Mar. 20, 2012) (holding unjust enrichment claim failed when the only argument for the contract being unenforceable was not available). Plaintiff here has not asserted in its Complaint that the contract was, alternatively to being valid as Plaintiff's Complaint indicates, unenforceable or invalid so as to sufficiently state a claim for unjust enrichment.

Despite alleging that a contract existed, Plaintiff is unclear regarding who exactly Plaintiff had a contract with. Plaintiff states that the contract was with "Defendants," seeming to imply all Defendants, but then indicates that only Defendants Horizon Construction, LLC, and Kentucky Property Management, LLC, failed to pay under the contract, thus seeming implying that only those two Defendants were in privity of contract with Plaintiff. (*Id.* at ¶ 12). Plaintiff also mentions only these two Defendants in Count II when describing the alleged unjust enrichment. (*Id.* at ¶ 22). However, in another portion of the Complaint, Plaintiff mentions only Defendant Horizon Construction, LLC, stating that "Plaintiff contracted with Horizon Construction, LLC, to perform construction services." (*Id.* at ¶ 3). Despite this lack of clarity, it is apparent that the contract was between Plaintiff and at least one Defendant.

Even if Plaintiff did not have a contract with all of the Defendants, such that Plaintiff conceivably could recover from those Defendant(s) with whom Plaintiff did not contract, any such recovery would be impermissible unless and until Plaintiff exhausted its remedies against the Defendant(s) with whom it did contract.

11

> *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005) ("The plaintiff must further demonstrate that he or she has exhausted all remedies against the person with whom the plaintiff enjoyed privity of contract."); *Paschall's, Inc. v. Dozier*, 219 Tenn. 45, 58, 407 S.W.2d 150, 155 (1966); *Forrest Const. Co., LLC v. Laughlin*, 337 S.W.3d 211, 227 (Tenn. Ct. App. 2009). Here, there is no indication that Plaintiff has exhausted such remedies as required.
>
> For the reasons discussed, the Court will grant the Motion as it pertains to Plaintiff's unjust enrichment claim.

(Doc. No. 19 at 7-9). The Court further clarified in a footnote that:

> The Court does not mean to suggest that a plaintiff could never bring in a single complaint both a breach of contract claim and a claim under a theory of unjust enrichment. Indeed, under certain circumstances, a plaintiff may bring the two claims alternatively. But that principle does not help Plaintiff here, because although Plaintiff has asserted the existence of a contract, it has not brought a claim for breach of contract. So the Court is not even confronted with whether this is an appropriate case for alternatively asserting a breach-of-contract claim and an unjust enrichment claim. What the Court is confronted with is whether Plaintiff may assert the existence of a contract (for some purpose other than bringing a breach-of-contract claim) and yet bring a claim for unjust enrichment. Under the circumstances of this case, Plaintiff may not do so, for the reasons discussed above.

(*Id.*).

In response to the Motion to Amend, Defendants argue that "[n]otably, Plaintiff continues to allege the existence of an enforceable contract with someone while alternatively contending it is entitled to recovery in *quantum meruit* . . . The proposed amended complaint is simply a reworded version of the original complaint." (Doc. No. 40 at 4). As Defendants note, in the proposed Amended Complaint, Plaintiff again alleges the existence of a contract, which was the basis of the Court's previous dismissal, in two places:

- It is believed that Horizon began to interfere with individuals with whom Kalos *had contracted*. This interfered with the ability of Kalos to perform services at the White House Village location.

- Materials were sold for the purpose of installation upon, and were, in fact, installed upon said real property. The labor and work for the installation of said materials *was performed by Plaintiff pursuant to a contract with the Defendants*, and said labor and work improved that property and became incorporated into said property.

12

(Doc. No. 34 at 5 (emphasis added)). The second example is a word-for-word copy of paragraph eleven in the original Complaint. (Doc. No. 1-2 at 4-5). The Court specifically cited that paragraph multiple times as dooming Plaintiff's unjust enrichment complaint. (Doc. No. 19 at 7). It is true that Plaintiff alleges (likely in reaction to the Court's previous Memorandum Opinion) at several points in the proposed Amended Complaint that there was no contract between Plaintiff and Defendants. But because Plaintiff elsewhere clearly alleges (contradictorily) that a contract did exist between Plaintiff and the proposed Defendants, using the exact same language that crippled the unjust enrichment claim in the original Complaint, amending the Complaint would be futile.

The Court also finds it possible that this Motion to Amend was brought in bad faith or with dilatory motive. The Memorandum Opinion was filed over three months ago, and Plaintiff had not made any complaint about the Court's ruling until the filing of Defendants' second Motion to Dismiss. Plaintiff has specifically included in the proposed Amended Complaint the exact same paragraph upon which the Court relied in dismissing Count II of the original Complaint. Plaintiff also seems to be acting disingenuously by drafting its Motion to Amend as if Plaintiff proposed to re-add only one original (but since-dismissed) Defendant, when in fact the proposed Amended Complaint actually names as party defendants three original (but since-dismissed) Defendants. Finally, Plaintiff has acted inefficiently and redundantly by filing a Motion to Amend that seeks to achieve the same (though somewhat narrower) result as its Motion for Reconsideration, which as noted herein was itself insufficiently supported.

Therefore, the Court will deny Plaintiff's Motion to Amend.

## **CONCLUSION**

The Court cannot say whether Plaintiff provided valuable goods and services such that, at least at some point, it was entitled to receive compensation from someone under some legal theory.

13

Case 3:20-cv-00812   Document 42   Filed 03/17/21   Page 13 of 14 PageID #: 285

If Plaintiff actually did so, it may be unfortunate that Plaintiff has not plausibly (and timely) stated a valid legal claim against an appropriate party. But as the Court has ruled (herein with respect to Count III and in its prior Memorandum Opinion with respect to all other counts), Plaintiff simply did not do so in the first go-round. And under the particular circumstances here, Plaintiff should not be granted another go-round.

For the reasons discussed herein, the Court will grant Defendants' Motion (Doc. No. 25). The Court will deny both Plaintiff's Motion for Reconsideration (Doc. No. 32) and Plaintiff's Motion to Amend (Doc. No. 33).

An appropriate order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE